Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Joseph J. Marcheso, Asst. U. S. Atty., Brooklyn, N. Y., for respondent.

**UNITED STATES of America on the relation of Thomas W. DESIO, Relator,**

v.

**WARDEN OF the FEDERAL HOUSE OF DETENTION FOR MEN, Respondent.**

**No. 60-M-1002.**

United States District Court
E. D. New York.

Oct. 28, 1960.

BARTELS, District Judge.

Relator was arrested and charged with the commission of a crime within this district. He was then incarcerated in the Federal House of Detention for Men at West Street, City and State of New York, in the Southern District. Upon application of the relator alleging that he was held on bail in an amount that was excessive and unlawful, this Court on October 26, 1960 issued a writ of habeas corpus directing the respondent to produce the body of the relator on October 27, 1960 for a hearing to be held in this Court.

Upon the return date the respondent and relator appeared in Court pursuant to the writ but counsel for the respondent objected to the Court's jurisdiction to issue a writ directed to the respondent who was not located within the Eastern District of New York and whose detention of the relator was outside of the territorial limits of the Court.

The power to grant writs of habeas corpus is derived from 28 U.S.C.A. § 2241. The Supreme Court has held that the presence within the territorial jurisdiction of the District Court of the person detained is a prerequisite to the issuance of a writ and that the Court is without power to act with respect to persons outside of its territorial limits. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; see also United States v. Hayman, 1952, 342 U.S. 205, 213, 72 S.Ct. 263, 96 L.Ed. 232. Lack of such jurisdiction cannot be waived by the parties in order to permit a decision on the merits since the restriction is one that Congress has imposed upon the power of the Court to act. Ahrens v. Clark, supra; United States v. Griffin, 1938, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764. The next question presented is whether the production of the body of the relator by the respondent before the Court served to confer jurisdiction upon the Court. The appearance of the respondent was obviously under compulsion. Even though a questionable writ is subsequently held invalid, a respondent cannot hazard the consequences of disobedience until the determination of its invalidity. Appearance under such circumstances cannot be construed as a voluntary appearance. Had there been no objection to the writ the appearance could hardly be deemed more than a special appearance. This would be insufficient to confer jurisdiction upon the Court. Inasmuch as the detention is outside of the district, it is doubtful whether a general appearance expressly made by the respondent and the voluntary production of the relator could confer jurisdiction upon the Court, absent Congressional authority for such jurisdiction. See, United States v. Griffin, supra. In this case the respondent expressly challenged the writ and the power and authority of the Court to issue it. Such an appearance is a special appearance which did not cure the Court's inherent lack of jurisdiction.

There are some earlier cases not in harmony with this conclusion, which however cannot be deemed acceptable authorities today. For instance, in Ex parte Fong Yim, D.C.1905, 134 F. 938, a writ was issued in the Southern District to review the alleged illegal detention of persons in the Northern District of New York who were so detained by the respondent, Chief Chinese Exclusion Officer in the City of New York whose jurisdiction extended throughout the State of New York. Production of the persons in court was waived pursuant to a stipulation which the court held was tantamount to the production of the persons in open court, stating that if the persons had been so produced the court would have had jurisdiction to determine whether their detention was legal (at page 939). Other cases with similar dicta were distinguished in United States ex rel. Belardi v. Day, 3 Cir., 1931, 50 F.2d 816. In the latter case the respondent pursuant to an invalid writ produced the body of the relator but at the same time challenged the power and authority of the court to issue the writ because it was executed beyond the court's territorial jurisdiction. The court dismissed the writ and remanded the relator, stating that the appearance of the respondent under such circumstances was at most a special appearance which did not cure the court's inherent lack of jurisdiction.

There was a jurisdictional defect in the issuance of the writ in the instant case which was not cured by the respondent's appearance. The writ therefore must be dismissed.