**John Arnold POWELL**

v.

**Harold V. LANGLOIS, Warden, and George W. Randall, et al.**

**Civ. No. 1354.**

United States District Court
E. D. North Carolina.

March 29, 1962.

**92**

LARKINS, District Judge.

The petitioner, John Arnold Powell, escaped from the custody of the North Carolina Department of Prisons and fled to the State of Rhode Island where he was apprehended and held for extradition to North Carolina. While awaiting extradition and while confined in the Adult Correctional Institution at Cranston, Rhode Island, the petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of North Carolina.

The court finds as a fact upon the face of the Petition that the petitioner is being confined outside the territorial jurisdiction of this court, to wit, in the Adult Correctional Institution at Cranston, Rhode Island.

■ Therefore the court finds as a matter of law that this court is without jurisdiction to entertain the Petition for Writ of Habeas Corpus submitted by petitioner for the reason that the petitioner is being confined outside the territorial jurisdiction of this court. Ahrens et al. v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Crowe v. United States, 169 F.2d 1022 (4th Cir. 1948);

Whiting v. Chew, 273 F.2d 885 (4th Cir. 1960).

The court finds as a matter of fact that one of the respondents, George W. Randall, is within the territorial jurisdiction of this court. However, the court finds as a matter of law that this fact is not sufficient in a habeas corpus proceeding to give the court jurisdiction to consider the Petition where petitioner is confined outside the territorial jurisdiction of the court. Duncan v. State of Maine, 195 F.Supp. 199 (D.C.Me.1961).

■ The court finds as a matter of law that the petitioner in a habeas corpus proceeding cannot waive the lack of jurisdiction of the court: United States ex rel. Desio v. Warden of Fed. House of Detention for Men, 188 F.Supp. 102 (D. C.N.Y.1960); United States ex rel. Circella v. Neelly, 115 F.Supp. 615 (D.C. Ill.1953).

It is therefore ORDERED that the Petition for Habeas Corpus submitted in this matter by petitioner John Arnold Powell be, and the same is hereby denied.