**Hugh Robert CONWAY, Petitioner,**

v.

**Larry TAYLOR, Warden, Metropolitan Correctional Center,**

**and**

**Maurice Sigler, Commissioner, United States Parole Commission, Respondents.**

No. 76 Civ. 4398.

United States District Court, S. D. New York.

March 1, 1977.

Hugh Robert Conway, pro se.

Robert B. Fiske, Jr., U. S. Atty., Eileen M. FitzGerald, Asst. U. S. Atty., New York City, for respondents.

## MEMORANDUM AND ORDER

IRVING BEN COOPER, District Judge.

Petitioner has moved this Court to reconsider our dismissal on November 8, 1976 of his habeas corpus petition. After a thorough reading of both the petitioner's and the Government's papers as well as all relevant authorities, we are constrained to deny his application in its entirety.

The facts indicate that petitioner Hugh Robert Conway appearing *pro se* forwarded a proposed petition for a writ of habeas corpus to the Pro Se Clerk for the Southern District of New York which was received September 3, 1976. Accompanying the habeas corpus petition was Conway's application to proceed *in forma pauperis*. At the

time of mailing his papers and its receipt by the Pro Se office, the respondent was an inmate at the Metropolitan Correctional Center in the Borough of Manhattan where this Court House is located. On October 5, 1976 the Pro Se Clerk filed the petition; two days before petitioner had been transferred to the Federal Penitentiary in Atlanta, Georgia where he presently is incarcerated.

On November 8, 1976, on the Government's motion, we dismissed Conway's petition for lack of jurisdiction apparent on its face in that petitioner was outside the Court's jurisdiction when his application was filed. Nevertheless, Conway was given 30 days to indicate why our order should be disturbed. Accordingly, on November 22, 1976 Conway moved this Court for reconsideration of our ruling. For reasons appearing below, we hold that Conway's petition was properly dismissed on November 8, 1976 and, therefore, we deny the instant motion.

Title 28 of the U.S.Code, Section 2241(a), provides that "[w]rits of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." When Conway's petition was filed on October 5, 1976 neither Conway nor the custodian of his person were within the territorial jurisdiction of this Court. Consequently, this Court is without power to hear and determine Conway's habeas corpus petition. *U. S. ex rel. Desio v. Warden of Federal House of Detention for Men*, 188 F.Supp. 102 (E.D.N.Y. 1960); *U. S. ex rel. Rudick v. Laird*, 412 F.2d 16 (2nd Cir. 1969), *cert. denied*, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969); *Ahrens v. Clark*, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); *Schlanger v. Seamens*, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).

In *U. S. ex rel. Desio v. Warden of Federal House of Detention for Men, supra*, Desio had been arrested and charged with a crime in the Eastern District of New York. Subsequently, while incarcerated in the Federal House of Detention in the Southern District of New York (right across the East River, a twenty minute trip), Desio filed an application for a writ of habeas corpus in the Eastern District of New York. The District Court held that the presence of the person detained within the territorial jurisdiction of the court was a jurisdictional prerequisite which could not be waived. Thus the court concluded it lacked power to hear and determine petitioner's application. *Schlanger v. Seamens, supra*, similarly held that the actual presence of the applicant within the territorial jurisdiction of the District Court was essential for it to have jurisdiction over the habeas corpus petition.

In the instant case, neither the petitioner nor the custodian of his person, *viz.*, the Warden of the United States Penitentiary in Atlanta, Georgia or the United States Parole Commission located in Washington, D. C., are located within this Court's territorial jurisdiction. *McCall v. Swain*, 166 U.S.App.D.C. 214, 510 F.2d 167 (1975) and *Starnes v. McGuire*, 512 F.2d 918, 168 U.S. App.D.C. 4 (1974). *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1972), while establishing that a petitioner's absence would no longer act as an absolute impediment to jurisdiction under all circumstances, limited its holding to a situation wherein dismissal of the petitioner's application would leave him without any forum (*supra* at 487, 93 S.Ct. 1123). As Conway would not lack a forum were his application dismissed by this Court, we find the rule in *Braden* does not obtain in the present case.

Conway did not file his papers when he deposited (on Sept. 3, 1976) with the Pro Se Clerk his proposed petition and application to proceed *in forma pauperis*. Rule 3(b) of the *Rules Governing Section 2255 Proceedings* effective August 1, 1976 states "[u]pon receipt of the motion and having ascertained that it appears on its face to comply with rules 2 and 3, the Clerk of the district court shall file the motion and enter it on the docket. . . ." See also *Milton v. U. S.*, 105 F.2d 253, 255 (5th Cir. 1939); *U. S. v. Missco Homestead Ass'n., Inc.*, 185 F.2d 283 (8th Cir. 1950). Consequently, Conway's petition was not filed

until October 5, 1976 when the Pro Se Clerk had finished reviewing it. By that time, however, petitioner had been transferred and was no longer in this Court's jurisdiction.

The cases cited by the petitioner do not support his contention that papers are deemed filed when mailed. Indeed, *Carter v. Thomas*, 527 F.2d 1332 (5th Cir. 1976), recognized that there must be, of necessity, a delay between the submission of habeas corpus petitions and *in forma pauperis* applications and the filing of the petitions. *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976), cited by petitioner, offers no support for the proposition that papers are deemed filed upon their submission.

Finally, the petitioner draws our attention to the fact that the Commissioner of the United States Parole Commission is also named as respondent in his petition. This does not affect our determination that we are without jurisdiction in the matter. As we noted earlier, neither of petitioner's custodians (the Warden of the Atlanta Penitentiary or the United States Parole Commission) are within the territorial jurisdiction of this Court. Consequently, as we lack jurisdiction to hear Conway's petition, we are constrained to, and do, dismiss it.

SO ORDERED.