Florence M. Hamilton et al., Appellants *v.* Zoning Hearing Board of Whitemarsh Township, Appellee.

Argued October 8, 1980, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*Gerald T. Hathaway, Cunniff, Bray & McAleese,* for appellants.

*S. Gerald Corso, Jenkins, Tarquini & Jenkins,* for appellee.

Opinion by Judge Blatt, March 12, 1981:

Seven adjoining landowners (appellants) appeal here from an order of the Court of Common Pleas of

Montgomery County which affirmed a grant of a variance by the Whitemarsh Township Zoning Hearing Board to Lafayette Hill Professional Building, Inc. (Lafayette).

Lafayette's lot is an irregular tract, roughly a trapezium, consisting of 1.36 acres which fronts on Germantown Pike. It is presently entirely undeveloped and slopes downward from front to rear. The road frontage is about 200 feet and the mean distance to the rear of the lot is about 375 feet. The lot is divided by a township zoning boundary which runs parallel to Germantown Pike so that for a distance of 200 feet from the front of the lot the property is zoned as "CR-H" for commercial-retail buildings while the remaining portion in the rear of the lot is zoned as "B" residential. The rear portion of the lot has no road frontage and no road access except from Germantown Pike across the "CR-H" portion of the lot.

In 1977, Lafayette applied for a variance from the zoning ordinance to develop its entire lot for commercial retail purposes, proposing to construct a medical office building on the "CR-H" portion of the lot and to use the remaining, residential portion of the lot for parking and flood control.

After a hearing in April of 1977, the Board denied the requested variance on the grounds that the lot did not suffer from any unique physical characteristics which precluded its development in strict conformity with the zoning ordinance. On appeal, the court remanded the case to the Board on the grounds that, although the Board correctly found that strict compliance with the zoning ordinance was possible, it had failed to consider the economic hardship associated with such compliance.

After a subsequent hearing, the Board concluded that the residential portion of the lot could not be reasonably developed for residential purposes because

the cost of building a residence, including costs associated with a 400-foot driveway across the "CR-H" portion and of providing proper drainage of the sloping rear portion of the lot, would require that the residence be sold for more than twice the market price of other residences in the vicinity. The Board granted a validity variance on the grounds that the otherwise valid ordinance deprived Lafayette of any reasonable use of its property. *See A & D, Inc. v. Zoning Hearing Board of East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977). The appellants here contend that the Board failed to make adequate findings for the granting of the variance, that the court erred in affirming the Board's order and that the case must be remanded to the Board.

The statutory requirements for a variance, found in Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912, must be met for the granting of a validity variance and may be summarized as follows: (1) the ordinance must impose an unnecessary hardship on the property; (2) the hardship must result from the unique physical characteristics of the property; (3) the granting of a variance must not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship must not be self-inflicted; and (5) the variance sought must be the minimum that will afford relief. *Appeal of Walter C. Czop, Inc.,* 43 Pa. Commonwealth Ct. 499, 403 A.2d 1006 (1979); *A & D, Inc. v. Zoning Hearing Board of East Nottingham Township, supra.*

Lafayette produced six expert witnesses at the remand hearing who testified that the cost of constructing a residence on the residential, rear portion of the lot would cost at least twice as much as would neighboring residences. We believe, therefore, that the Board's finding (*i.e.,* that the ordinance imposed an

unnecessary economic hardship upon Lafayette) was based on substantial evidence.

Unfortunately, however, the Board failed to make findings concerning the other prerequisites for a variance, noting that it interpreted the lower court's remand order so as to direct findings only on the issue of whether or not the rear portion of the lot could reasonably be used for residential purposes, and the Board consequently limited itself to such findings. And, because it is beyond this Court's power to make findings as to these questions, we must reverse the order of the court below and remand the case to the court with the direction that it be returned to the Board for the making of requisite findings under Section 912 of the Municipalities Planning Code, 53 P.S. §10912. We will so order and will also direct that the Board may, but need not, take additional evidence for the purpose of making such findings.

ORDER

AND Now, this 12th day of March, 1981, the order of the Court of Common Pleas of Montgomery County dated April 25, 1978, is reversed and the record is remanded to the court below with the direction that it be returned to the Zoning Hearing Board of Whitemarsh Township for further proceedings in accordance with this opinion and with the direction that said Zoning Hearing Board may, but need not, take additional evidence for the purpose of making adequate findings of fact.

---

DISSENTING OPINION BY JUDGE ROGERS:

I dissent because in my opinion it was not necessary for the Board to make each and every one of the five findings enumerated in Section 912 of the MPC, 53 P.S. §10912. It was the landowner's position that the residential zoning of the rear portion of its lot

made that portion of the property useless; that the zoning restriction was therefore invalid; and that the variance allowing another use was required to provide the landowner with its constitutional right in its property. The findings required by Section 912 become irrelevant. This point is made in R. Ryan, Pennsylvania Zoning Law and Practice, Section 6.1.8 (1970):

> Where an owner's land . . . is denied any reasonable use by an unduly restrictive ordinance, the findings [of Section 912] are not 'relevant in [the] given case', and are not necessary.