Jerold L. Garnick, Appellant *v.* Zoning Hearing Board of Bridgeton Township, Appellee.

Argued March 4, 1981, before President Judge CRUMLISH, and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Herbert K. Sudfeld, Jr.,* with him *Richard P. McBride, Power, Bowen & Valimont,* for appellant.

*Thomas G. Mundhenk,* for appellee.

OPINION BY JUDGE CRAIG, March 26, 1981:

In this zoning appeal, landowner Garnick questions a decision of the Court of Common Pleas of Bucks County affirming the Zoning Hearing Board of Bridgeton Township which had upheld the revocation of the landowner's permit for the installation of a trailer residence (mobile home) and had also rejected a subsequent application for a variance on the same matter.

The board's findings establish that the landowner's parcel of 32,670 square feet was located in a Residential RA-1 District where, when on-site sewage is involved, as here, the minimum lot area per dwelling unit is 43,560 square feet. The landowner, in applying for a permit to install the mobile home, did not disclose that a cottage was already situated on the lot. The landowner's sketch, which accompanied the application, showed no existing dwelling. The landowner also submitted a county sewage permit which actually pertained to the cottage, not to the proposed mobile home unit; he did not submit the portion of the sewage permit which indicated its coverage.

The township zoning officer issued the permit for the mobile home but, one month later, after observing the existing dwelling on the site along with the mobile home, he revoked the permit because the second dwelling unit violated the minimum-area-per-dwelling-

unit requirement, as to which the cottage had been a legal nonconforming use.

The landowner, claiming that he expended $4,000 toward the installation of the mobile home in reliance upon the zoning permit, contends that (1) his interest in the permit is therefore vested, or that (2) he is thereby entitled to a variance to permit the mobile home to remain.

We agree with the decision of the court of common pleas that the landowner's contentions must be rejected. We adopt the premise stated by Judge BODLEY, writing for the court en banc below, that

> [a] permit issued illegally, or in violation of law, or under a mistake of fact, in and of itself confers no vested right or privilege upon the person to whom it is issued even though that person has made expenditures in reliance upon the permit. Appeal of Donofrio, 31 Pa. Commonwealth Ct. 579 (1977).

To acquire a vested right in any permit issued by mistake, the landowner must show, not only substantial expenditures and other elements, but also, above all, his good faith throughout. *Department of Environmental Resources v. Flynn*, 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975).

As Judge BODLEY well stated:

> The essence of this matter, we think, lies in appellant's obvious bad faith in knowingly misrepresenting to the zoning officer that there was no existing dwelling on the premises, and the further obvious misrepresentation that an on-site sewage permit had been obtained from the Department of Health for the installation of the trailer when, in fact, the permit in question had been submitted in connection with the existing house *and* the proposed trailer.

....

Appellant's obvious lack of good faith evidenced [by] his misrepresentations to the zoning officer exclude him from the benefit of this rule. Had he not deceived the zoning officer in the first instance, no permit would have been issued. He cannot now be heard to complain that he has expended funds on the strength of such a permit issued under mistake of fact when such mistake was brought about by his own actions. The zoning officer acted correctly in revoking the permit immediately upon his discovery of the deception. See Zoning Hearing Board of Upper Chichester v. Pertosky, 26 Pa. Commonwealth Ct. 614 (1976).

With respect to the lack of entitlement to a variance, we also adopt the opinion below, which stated:

Nor is appellant entitled to a variance in such case. Any hardship which he may complain of is not related to the unique character of the land in question since quite obviously that land is the present site of an existing dwelling. The financial hardship he complains of in this appeal is self induced. See Marple Gardens v. Zoning Hearing Board of Adjustment, 8 Pa. Commonwealth Ct. 436, 440 (1973); Levin v. Zoning Hearing Board of Township of Radnor, 11 Pa. Commonwealth Ct. 452, 458 (1974).

Such has been the law of Pennsylvania at least since *Kovacs v. Ross Township*, 173 Pa. Superior Ct. 66, 95 A.2d 350 (1953), where a builder's application failed to disclose his intention, later executed, to erect part of a dwelling within the front yard area; in view of his misrepresentation and his self-inflicted hardship, he was denied a variance with respect to the offending portion of the structure.

We affirm the decision of the Court of Common Pleas of Bucks County.

ORDER

Now, March 26, 1981, the order of the Court of Common Pleas of Bucks County dated March 21, 1979, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.