Frackville Area Municipal Authority, Appellant v. The Zoning Hearing Board of Butler Township, Butler Township and the Borough of Ashland, Appellees.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Paul Domalakes,* with him *John E. Domalakes, Rubright, Domalakes, Troy & Miller,* for appellant.

*Frank J. Toole, Toole, Toole & Toole,* for appellees, the Zoning Hearing Board of Butler Township and Butler Township.

*Jan P. Paden, Rhoads, Sinon & Hendershot,* for intervening appellee, The Borough of Ashland.

OPINION BY JUDGE CRAIG, October 21, 1982:

Frackville Area Municipal Authority appeals an order of the Court of Common Pleas of Schuylkill County affirming a decision of the Butler Township Zoning Hearing Board which denied the authority's application for a "special exception and/or variance" to construct a wastewater treatment plant on a 7.8 acre site zoned "Woodland Conservation" under Butler Township's zoning ordinance.

The board had initially denied the authority's application on the ground that the authority had not obtained plan approval under the subdivision ordinance.[1]

On appeal, the common pleas court first remanded the case to the board for findings of fact and conclusions, to comply with Section 908 of the Municipalities Planning Code (MPC).[2] The board then issued a new decision[3] in which it stated that the authority's request for a special exception could not be granted be-

---

[1] The authority has an option to buy the site, which is part of a tract owned by the Pennsylvania Power and Light Company.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908.

[3] The common pleas court retained jurisdiction when it remanded the record to the board.

cause the ordinance makes no provision for special exception uses in the Woodland-Conservation district, and that no variance could be granted because the authority did not prove that the site could not be used as zoned. On January 5, 1981, the common pleas court, without taking additional evidence, affirmed the board.[4]

The board properly denied the authority's request for a special exception because the ordinance makes no such provision in the Woodland-Conservation district. *Lower Merion v. Enokay, Inc.*, 427 Pa. 128, 233 A.2d 883 (1967).

The authority had the burden of proving, among other things,[5] that, because of unique physical conditions, the site cannot be developed in conformity with the ordinance. *J. R. Greene Associates v. Zoning Hearing Board*, 56 Pa. Commonwealth Ct. 605, 426 A.2d 175 (1981). Single-family homes are among the permitted uses in the Woodland-Conservation district.[6] We have reviewed the record and find no evi-

---

[4] In its brief, the authority says that its appeal to this court is from the initial remand order as well as from the final order of the common pleas court. The remand order was clearly interlocutory; the only appealable order is the final order of January 5, 1982. Any issues with respect to the earlier order are, of course, properly raised on appeal from the final order.

[5] See Section 912 of the Municipalities Planning Code, 53 P.S. §10912; *Hamilton v. Zoning Hearing Board of Whitemarsh*, 57 Pa. Commonwealth Ct. 451, 426 A.2d 1309 (1981).

[6] The Woodland-Conservation district allows the following permitted uses:

    a. Forest, scenic and wildlife preserves;

    b. Single-family detached dwelling;

    c. Public uses, structures or buildings owned or operated by the Municipality or an Authority organized by the Municipality.

"Planned Residential Development" is permitted by conditional use.

dence to establish that homes cannot be built on the site. Although the authority's expert engineer testified that the site is "fairly swampy" and not *desirable* for residential construction because of a high water table, he did not testify that the land could not be used for homesites.[7]

The whole thrust of the authority's evidence and argument is that the sewage treatment plant is greatly needed, that other sites are not available and that the site involved in this case is very appropriate for such a plant. Although one may grant all those points to be true, they do nothing to establish the "hardship"—*i.e.*, unusability under the ordinance—which must be shown for variance entitlement, as required by Section 912 of the MPC. At best, they are policy arguments for a rezoning, not a variance.

Because we decide that the board did not abuse its discretion by denying the authority a variance, we affirm. *H. A. Steen Industries v. Zoning Hearing Board of Bensalem Township*, 39 Pa. Commonwealth Ct. 451, 396 A.2d 66 (1978).

---

The definitions section of the ordinance provides as follows:
> *Municipality*: Shall mean Butler Township, Schuylkill County, Pennsylvania.

Because residential development is allowed, we need not analyze item c above, which actually may be an ownership restriction rather than a use restriction. Also, dwellings in this district are required to have a minimum lot size of five acres with on-site sewage disposal and three acres with off-site disposal.

However, no validity issue of any kind has been presented.

[7] The engineer's only testimony directed to the issue of the feasibility of using the site for homes follows:

Q. Is the proposed site desirable for residential-home construction?

A. In my opinion, no.

Q. Why not?

A. Because there's a high groundwater table there, and it's a low spot in the area. It's going to track all the water.

## Order

Now, October 21, 1982, the order of the Court of Common Pleas of Schuylkill County, Docket No. S-1004, dated January 5, 1982, is hereby affirmed.