In the Matter of the Appeal of Joseph F. Rizzone and Rose M. Rizzone, his wife, from a Decision of the Zoning Hearing Board Relative to City Lot No. 8244 Situate in the Fourth Ward of the City of Oil City, Venango County, Pennsylvania. Joseph F. Rizzone and Rose M. Rizzone, Appellants.

Argued March 12, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Marietta E. Rizzone,* for appellants.

*Robert W. McFate, McFate, McFate, McFate, Williams & McFate,* for appellee.

OPINION BY JUDGE CRAIG, April 3, 1985:

The pivotal question in this zoning appeal is whether a structure added to a residential lot constitutes a "private garage" permitted by the ordinance as an accessory use and as an exemption from maximum lot coverage requirements, where the ground level of the structure provides for the parking of two motor vehicles but its higher level consists of a business office not disclosed at the time of the permit application.

The appellant landowners are Mr. and Mrs. Rizzone, who have appealed from an order of the Court of Common Pleas of Venango County which affirmed a decision of the Oil City Zoning Hearing Board holding the already-erected structure to be a violation and denying a variance for it.

Oil City's zoning ordinance, in section 202.2, prohibits the coverage of more than 35% of the area of a lot in the R-2 residential district by structures. Section 202.1, however, allows "private garages" as permitted accessory structures to residences and, together with section 102.2, exempts them from maximum coverage and certain other area requirements.

The landowners, in June, 1979, obtained a permit by submitting an application for a "20 x 24 GARAGE" to be erected at an estimated cost of $5,000.

The landowners proceeded to build a two-car garage, twenty feet by twenty-four feet, but they also constructed an office in the level of the structure above the ground floor level, expending a total cost of $20,000. In November, 1980, the zoning officer of the city, deeming the construction to be in violation, notified the landowners that it could be validated only if they applied for, and received, a variance from the zoning hearing board. The board's conclusion, affirmed by the trial court, was that the inclusion of the office space caused the result to be a violation of the ordinance, not a "private garage" as permitted by it.

## Permitted Use Interpretation

The landowners first claim that the structure they erected does conform to the private garage definition and is therefore a permitted use exempt from the coverage and area requirements. They quote section 102.2 of the zoning ordinance which defines a private garage as follows:

> *Private garage* A building accessory to any residential use for storage of motor vehicles owned and used by the owner, tenants, or leasors on the lot for a purpose accessory to the use of the lot...

The landowners say that the use of "unplanned air space" for an office does not "destroy the character of the building," but leaves it "still a two-stall garage." Their contention is unacceptable. A private garage plus an office does not equal a private garage.

The landowners' brief also contends that their office construction is permissible because it is for a use accessory to an office room which exists in part of the residence (allegedly as a legal nonconforming

use), but this argument ignores the fact that the ordinance expressly limits the permissible accessory uses for the district to swimming pools, gardens and greenhouses, along with private garages; "office" is not listed as a permissible accessory use.

The landowners' remaining argument, based on the premise that the use of a garage typically includes more than just vehicle parking (*e.g.*, minor storage), also falls far short of logically justifying the construction of an office on another floor.

### Validity of Private Garage Definition

The landowner has also claimed that the definition of "private garages" in the zoning ordinance is so vague as to be unconstitutional. The brief cites no authority for the point but merely contends that the definition is insufficient because it does not indicate what "activities normal to the principal use of the property" can be conducted "in or around the garage." Such a contention is insupportable in the context of this case, where the landowners have constructed office space having no relationship to the garage except that they have installed it under the same roof. The private garage definition here, much like those commonly found in zoning ordinances for many years, has no constitutional infirmity.

### Variance

Next, the landowners argue that, if their construction is not authorized as a matter of right, the zoning hearing board should have granted a variance for it because of the hardship they will suffer if not permitted to persist in employing the garage and office combination.

Of course, any difficulty which the landowners must now face, in connection with bringing the situa-

tion into compliance with the law, is clearly a self-inflicted one, and therefore does not constitute a hardship warranting a variance. By filing an application which requested a permit only for a garage, and then proceeding to construct an office as well as a garage, the landowners proceeded on the basis of a palpable misrepresentation by them. When a landowner applicant has submitted an incomplete application or has proceeded contrary to the application, the ultimate necessity of complying with the law cannot provide a basis for a variance. *Garnick v. Zoning Hearing Board of Bridgeton Township*, 58 Pa. Commonwealth Ct. 92, 427 A.2d 310 (1981) (application failed to disclose existing building on the lot); *Kovacs v. Ross Township*, 173 Pa. Superior Ct. 66, 95 A.2d 350 (1953) (application failed to disclose intention, later executed, to place part of the dwelling within the front yard area).

The landowners' nonconforming use expansion argument also comes under the variance issue because the expansion of a nonconforming use, if in conflict with dimensional requirements or over land not previously occupied by that use—both of which aspects apply here—requires the grant of a variance. *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township*, 67 Pa. Commonwealth Ct. 183, 188-196, 446 A.2d 716, 719-22 (1982).

Section 602.1 of the zoning ordinance, allowing a 25% expansion of the area of nonconforming use, is inapplicable because these landowners have not established the legitimacy of any pre-existing nonconforming office use, nor did they apply to the zoning officer or to the zoning hearing board for such an approval. Moreover, as noted in *Jenkintown Towing Service*, 67 Pa. Commonwealth Ct. at 189, 446 A.2d at 719, the authorization so to expand does not carry

with it any automatic exemption from the dimensional coverage and area requirements violated here, absent the grant of a well-founded variance from those requirements.

## Scope of Review of Trial Court

Finally, the landowners urge a remand because the trial court regarded its scope of review as limited to determining if there was abuse of discretion or error of law by the zoning hearing board. Citing *Beebe v. Media Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 29, 288 A.2d 557 (1972), which held that, even if the trial court received only two photographs and an affidavit as additional evidence, the trial court then had to decide the case de novo and on the merits, the landowners' brief here alleges that the trial court ''did admit additional testimony, in the form of three exhibits (labeled A, B, C) drawn by Appellants' attorney, which were submitted to the court at the hearing before it.'' That statement misrepresents the true state of the record. Although the prothonotary forwarded those sketches to this court, the trial court never admitted them as ''additional testimony'' or as any kind of evidence. The landowners' attorney submitted them, not at any evidentiary hearing, but only in connection with argument to the trial court. Such a submission of sketches with a brief is analogous to the authorization in Pa. R.A.P. 2134(c), which permits counsel to submit a draft or sketch along with a brief, *not* as record evidence.

Because the trial court therefore did not receive any additional evidence, President Judge BREENE's statement of the scope of review was entirely correct, as was the remainder of his sound opinion.

The trial court's order is affirmed.

## ORDER

Now, April 3, 1985, the order of the Court of Common Pleas of Venango County, dated July 19, 1983, is affirmed.