506 A.2d 997

Frank B. Bellosi and Sandy J. Bellosi, his wife, Appellants *v.* The Zoning Hearing Board of Clifton Heights Borough and John Cacciola and Norma Cacciola, his wife, Appellees.

Argued December 12, 1985, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Robert L. Pinto, Levis & Pinto,* for appellants.

*Donald A. Browns,* with him, *David E. Auerbach, Eckell, Sparks, Levy, Auerbach & Monte,* for appellees.

OPINION BY JUDGE MACPHAIL, March 21, 1986:

Frank B. Bellosi and Sandy J. Bellosi (Appellants) appeal from an order of the Court of Common Pleas of Delaware County which affirmed the decision of the Zoning Hearing Board of Clifton Heights (Board) to grant John Cacciola's (Applicant) request for a variance. We will reverse.

Applicant owns and operates a grocery store which qualified as a valid non-conforming use in an R-2 Residential District by virtue of an order of the trial court dated April 25, 1979.[1] Applicant has now applied for a variance to permit the construction of an addition to his store to accommodate its expanded business.

The Board, after a hearing, denied the variance on the basis that the property could be used in its present condition and that Applicant would not suffer undue hardship if the variance was not granted. On Applicant's appeal, the court remanded the case to the Board for "further consideration".[2] Another hearing was held on June 28, 1983, and on August 11, 1983, the Board granted Applicant's variance request subject to several conditions.[3]

Appellants, who live next door to the grocery store, appealed the August 11, 1983 decision to the court. That court remanded the case to the Board for a "clarification of the August 11, 1983 order" and directed the Board to state their findings of fact and conclusions

---

[1] The trial court affirmed a decision of the Board granting Applicant's application for a non-conforming use based upon the fact that the use pre-dated the zoning ordinance.

[2] The trial court's order is not found in the record before us; neither has the trial court supplied us with the relevant docket entries as required by Pa. R.A.P. 2153. The briefs of counsel and the trial court's opinion now before us, however, indicate that there was such a remand order.

[3] The conditions were:

1. The addition to be added will be three feet off the property line for its full extension.

2. The front door will be moved from Berkley Avenue to Cherry Street.

3. There will be no cooking on the premises except for the personal on premises consumption of the applicant.

4. The rain downspout will be relocated so as not to spill onto neighbor's property.

of law in more detail.[4] Another hearing was held on July 19, 1984. At the time of that hearing, only one member of the Board which had heard the testimony given at the two previous hearings was still an active member of the Board. The hearing was limited to eliciting that Board member's recollection of the reasons why he voted to grant the Application.[5] The Board, apparently, never did file any detailed findings and conclusions as directed by the Court. The trial court, nevertheless, proceeded to hand down an opinion and order affirming the Board's August 11, 1983 decision. Inasmuch as the trial

---

5. Applicant will use his best efforts to notify patrons not to park in front of neighbors' driveways.

6. Applicant will enclose his trash containers by a fence or some other means.

7. The request for the apartments is withdrawn.

8. Applicant will comply with all Borough building, safety and fire codes and ordinances.

[4] The Board's findings of fact and conclusions of law were stated as follows:

*Findings of Fact*

1. That the property in question is a retail grocery store, and has been used as such for at least 25 years.

2. That the property is zoned R-2.

3. That under the Code a variance would be required becuase [sic] of the percentage of lot coverage, the side yard requirements, and parking requirements.

*Conclusions of Law*

1. The Board has jurisdiction over the subject matter and the application here in question.

2. The Public was duly notified.

3. This is a re-hearing ordered by the Court of Common Pleas of Delaware County, Pennsylvania.

4. The property can not be used in its present use.

5. The applicant would suffer undue hardship if the variance were not granted.

[5] Mr. Connell, the surviving member of the original Board, testified as follows:

court took no additional evidence, our normal scope of review is to determine whether the Board abused its discretion or committed an error of law. *Jenkintown Towing Service v. Zoning Hearing Board*, 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982). Although our appellate review is severely handicapped because the Board has *never* filed detailed findings as required by law, Section 908(9) of the Pennsylvania Municipalities Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9), we will reach the merits of the appeal before us in the interest of judicial economy by considering such Board findings as there are as supplemented by the July 19, 1984 hearing. *Jenkintown.*

---

All I can say is after sitting for four hours and listening to testimony that night from everybody in the neighborhood, the community itself, and the facts that they presented — some of the facts being the store was a grocery for approximately 25 years at least. That's my understanding. I'm not really sure about that — in my opinion the store wasn't large enough, and I based that on the owner's testimony and people's in the neighborhood opinions. The store serves the community and especially senior citizens.

The back of the store at this point in time to me is an eyesore. Also in testimony the Chief of Police, Mr. Berry, stated that the area is already a traffic hazard and loss of additional parking due to this addition wouldn't create any additional burden as far as he was concerned.

In 1982 Mr. Cacciola requested a permit which also included two apartments and most of the people objected to this, and at that time I objected to that because I wasn't really — just that particular presentation wasn't my idea to vote yes to. But after they went through the apartments and came with their presentation differently it just seemed to me that that was the time to vote yes. That's why I did it.

That is all I have to say at this time.
(Hearing before the Board dated July 19, 1984, at 11-12.)

On appeal to this Court, Appellants contend that the Board abused its discretion in granting Applicant's variance request because there was no showing of any factors which demonstrate unique physical characteristics of the property or would lead to the conclusion that Applicant would suffer an unnecessary hardship without the variance. Applicant on the other hand, argues that he demonstrated business necessity for the expansion, falling squarely under *Jenkintown*.

Applicant proposed to expand his store business by reducing the side yard set back and the number of required parking spaces and by increasing the total area to be covered by the building.[6] This expansion of his non-conforming use conflicts with ordinance dimensional requirements and requires the grant of a variance. *Rizzone Appeal*, 88 Pa. Commonwealth Ct. 502, 490 A.2d 26 (1985).

In order to obtain a variance, Applicant must establish that (1) the ordinance imposes an unnecessary hardship on the property; (2) the hardship results from the unique physical characteristics of the property; (3) granting the variance would not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship is not self-inflicted; and (5) the variance sought is the minimum that will afford relief. Section 912 of the MPC; *Hamilton v. Zoning Hearing Board of Whitemarsh Township*, 57 Pa. Commonwealth Ct. 451, 426 A.2d 1309 (1981).

The applicant in *Jenkintown* operated a valid non-conforming vehicle towing and repair business and

---

[6] The addition would provide extra storage, a walk-in freezer and customer space necessary, according to Applicant, for the store to survive economically.

sought a variance in order to expand his non-conforming use. Judge CRAIG in *Jenkintown* applied the variance criteria to the facts as found by the court of common pleas and made the following cogent observations: "The non-conforming use variance decisions have uniformly assumed, with little or no discussion, the existence of 'unique physical ... conditions,' necessarily indicating that the pre-existing non-conforming use itself constitutes the physical 'circumstances' which, apart from other lot or land characteristics, make the property uniquely different from others in the district." 67 Pa. Commonwealth Ct. at 191, 446 A.2d at 720.

In discussing the hardship requirement, Judge CRAIG observed that the non-expansion of a non-conforming use is not in and of itself sufficient to constitute a hardship, *Id.* at 192, 446 A.2d at 720, and that "our analysis ... requires a finding that, in the face of ordinance restrictions, the expansion or modernization ... *must be a matter of necessity for the business rather than merely to take advantage of an increase in business.*" *Id.* at 199, 446 A.2d at 724. (Emphasis added.)

The common pleas court here found that Applicant offered substantial evidence to establish that there is a need to expand the store since Applicant's business had increased by 45% in the past four years. The court was of the opinion that the *"increase in business* translates into a need for more space for customers, items for sale, storage and most importantly, a 15x20 foot walk-in freezer to handle the meat sold." *Bellosi v. Zoning Hearing Board of Clifton Heights Borough* (No. 83-9966, filed November 28, 1984), slip op. at 4-5 (emphasis added). The court concluded that "[h]ere the unnecessary hardship imposed is the fact that the volume of business has increased necessitating this expansion to accommodate customers and to provide more variety and service in an effort to keep the business competitive and viable." *Id.*, slip op. at 7.

We are of the opinion that the record clearly establishes that the proposed expansion is for the purpose of enabling Applicant to take advantage of his increased business rather than a matter of business necessity. There is nothing in the record to indicate that the expansion is essential to the store's survival; rather, the court emphasized that it was Applicant's increase in business which justified the expansion. *Cf. Mack Zoning Appeal,* 384 Pa. 586, 589, 122 A.2d 48, 50 (1956) (where expansion *conforms* to dimensional requirements, frustration of the need for "the normal increase" of business held to be a sufficient hardship justifying variance). We are constrained to conclude that the findings do not support the granting of the variance and will therefore reverse the order of the court of common pleas.

### ·ORDER

The order of the Court of Common Pleas of Delaware County, at No. 83-9966, dated November 28, 1984, is reversed.

Judge DOYLE did not participate in this decision.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

At issue here is a nonconforming business which needs to expand because of business increases. Zoning restrictions prohibit the expansion; thus, the applicant seeks a variance. If a variance is necessary to keep the business *viably competitive,* then there is a sufficient hardship and a business necessity to warrant the granting of a variance. The expansion need not be necessary for the business' survival. In *Jenkintown Towing Service v. Zoning Hearing Board,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982), this court, in discussing ex-

pansion to accommodate growth, quoted Ryan, Pennsylvania Zoning Law and Practice, §7.4.5 (1981):

> The more difficult and more usual case involves expansion *which is not essential to a continuation of the business but is needed to provide for its normal growth*. There is no general principle which allows a growing business to expand at the expense of the requirements of the zoning ordinance. ... [A] rule which would prevent any increase in nonconforming businesses *would place these at a competitive disadvantage.*

*Id.* at 194-195, 446 A.2d at 722 (emphasis added).

Thereafter, in *Jenkintown*, this court concluded that "entitlement to a variance for expansion beyond those restrictions must be based upon a showing that the proposal involves a modernization or other revision essential to the continued viability of the business as distinguished from merely 'taking advantage of the normal increase' of the business." *Id.* at 195, 446 A.2d at 722.

I would conclude from the preceding that taking advantage of the normal increase of the business, per se, would be insufficient to constitute a hardship. However, taking advantage of this normal increase in order to preserve the business' viability, not as a going business, but rather as a competitor, would be sufficient to constitute a hardship.

Here, the trial court concluded that this expansion was necessary "to keep the business competitive and viable." *Bellosi v. Zoning Hearing Board of Clifton Heights Borough* (No. 83-9966, filed November 28, 1984), slip op. at 7. I believe this is the correct standard and if supported by substantial evidence should be affirmed.