### Persimmon Land Co. v. Bd. of Supervisors of Millcreek Twp.

*Eugene Brew, Jr.* for plaintiff.
*Charles Moffatt,* for defendants.
*James Marsh,* for intervenors.

LEVIN, *J.,* April 30, 1986—The present aspect of this case was raised by appellant's counsel when he delivered a petition for reconsideration, reargument and recusal to the court's chambers on April 10, 1986.[1] The subject petition related to an opinion and order by this court dated March 18, 1986, and filed of record in the prothonotary's office on March 19, 1986. Counsel for appellant did not file the petition with the prothonotary's office. In fact, since March 19, 1986, and up to the date of this opinion, he has not filed any paper or formal document with the prothonotary's office.

Upon receipt of the subject petition, this court notified President Judge William E. Pfadt of the petition and asked that another judge be assigned to the case. Instead, President Judge William E. Pfadt requested this court to continue to preside over the controversy. Pursuant to that request, the court held argument on April 23, 1986. At that argument, appellee intervenor's counsel pointed out to appellant's counsel that his petition was not properly filed in the prothonotary's office. To date, he has not in any way attempted to remedy this oversight.

In view of the above undisputed facts, it appears that any court order or opinion would be superfluous and would serve no practical purpose. Nevertheless, in order to avoid any possible confusion and

---

1. All facts had been stipulated to by the parties' counsel prior to the court entering its opinion of March 18, 1986. The unfiled petition for reconsideration sets forth no errors of law.

to make sure the issue is finally resolved, the court will render this memorandum opinion and order.

In its present posture, this case is such that the court can summarily enter an order as a matter of law. The threshold issue is the effect of an unfiled petition given to the court's office. If this issue is resolved against appellant, the subject petition not filed with the prothonotary must fall as a matter of law.

Primarily, the court must consider whether leaving a petition with the court's office constitutes filing. The answer is an emphatic no.[2] A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file as a matter of record and reference. Conway v. Taylor, 428 F.Supp. 885 (3d Cir. 1977); Milton v. U.S., 105 F.2d 253 (5th Cir. 1939). The office of the prothono-

---

2. This matter is fully discussed in the case of Rita Burns and Joseph Burns v. City of Philadelphia, 350 Pa. Super. 615, 504 A.2d 1321 (1986). It is further set forth in 42 Pa.C.S. §2702 and 42 Pa.C.S. §2736:

"§2702. Place of filing of documents.

"Where jurisdiction of any matter is by law vested in a court of common pleas or in the Philadelphia Municipal Court, all applications for relief or other documents relating to the matter shall be filed in or transferred to the office of the clerk of the court of common pleas and handled by the appropriate office specified by or pursuant to this chapter.

"§2736. Matters or documents filed in the office of the prothonotary.

"All matters or documents required or authorized to be filed in the office of the clerk of the court of common pleas shall be filed in the office of the prothonotary except:

"(1) Matters or documents specified in section 2756 (relating to matters or documents filed in the office of the clerk of the courts).

"(2) Matters or documents specified in section 2776 (relating to matters or documents filed in the office of the clerk of the orphans' court division)."

tary is where records and papers are time-stamped, docketed and kept in Erie County.

Local rules also dictate what constitutes filing. Rule 302(a) of the Local Rules of Civil Procedure states:

"(a) All motions and petitions requiring decision and other matters not within the scope of pretrial Rule 212.1 shall be listed for argument by any party *filing a praecipe and brief with the Prothonotary* on or before the date designated by the court for the closing of the argument list for a particular month." (Emphasis added.) The logical reason for this is that documents must be time-stamped and docketed in the prothonotary's office to set a time frame.

The issue is further directly addressed in Pa.R.C.P. 227.1 dealing with motions for post-trial relief. For all practical purposes, the present unfiled petition is similar to a motion for post-trial relief. Pa.R.C.P. 227.1(f) states: "A party filing a post-trial motion shall serve a copy promptly upon each other party to the action and *deliver a copy* to the trial judge." (Emphasis added.) This rule implies that the original documents must be filed somewhere other than at the court's office. In this county, the proper office for filing is the prothonotary's office.

Even if the subject petition had been filed with the prothonotary, it must also have been filed timely. In this case, it was not. By stipulation, the court received certain items prior to final argument. A review of additional evidence might under certain circumstances make the hearing a de novo trial.[3] Whether the hearing was de novo or not is immate-

---

3. This determination is not easily made since the facts were not disputed in this case. Basically, all that was offered were maps and other items of which the court could possibly take judicial notice.

rial since the reviewing court in matters similar to that at hand is considered a trial court.[4] Appeal of Rizzone, 88 Pa. Commw. 502, 490 A.2d 26 (1985); Appeal of Langmaid Lane Homeowner's Ass'n., 77 Pa. Commw. 53, 465 A.2d 72 (1983). In either event, the 10-day time limit of Pa.R.C.P. 227.1 would be applicable. Since the 10-day period had passed, the petition was not filed within the proper time limitations.

Therefore, the court dismisses the subject unfiled petition for reconsideration, reargument and recusal and finds there is no basis for same either in fact or in law. Further, the court finds the subject petition a nullity.[5]

## ORDER

And now, this April 30, 1986, it is hereby ordered, adjudged and decreed as follows:

The subject petition for reconsideration, reargument, and recusal delivered to the court's office on April 10, 1986, is hereby dismissed. It is further ordered that the said petition is hereby declared a nullity.

---

4. Inasmuch as all facts were undisputed and the court's opinion was such that the parties purchasing lots of Chateau Hills I and II legally had a right to rely on the proposed lot sizes of Chateau Hills III, the outcome of the appeal would have been the same whether the hearing was de novo or not.

5. If any appeal is filed to this opinion and order, the court reserves the right to file a complete and separate opinion dealing with all issues.