Linda and L. Ronald HOHL,
Appellants

v.

CAERNARVON TOWNSHIP ZONING HEARING BOARD, Caernarvon Township and Sunny Crest Home, Inc.

Commonwealth Court of Pennsylvania.

Argued April 12, 1999.
Decided July 30, 1999.

Anne E. Perrige, Morgantown, for appellants.

Charles Zaleski, Harrisburg, and Stephen M. Kraybill, Lancaster, for appellee.

Before McGINLEY, J., FLAHERTY, J. and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Linda and L. Ronald Hohl (collectively Hohl) appeal from an order of the Court of Common Pleas of Lancaster County (trial court) which affirmed the decision of the Caernavron Township Zoning Hearing Board (Board) granting a variance to Sunny Crest Homes, Inc. (the Home) to operate a 352 seat restaurant within its personal care facility. The Caernavron Township Board of Supervisors (Supervisors) are intervenors who support the Board's decision and have joined in the Home's brief. We reverse.

In January, 1990, the Board granted the Home among other things, a "special exception to construct a residential community for mentally and physically handicapped persons" on its 82 acres of land. (Decision 1.) The land on which the Home was constructed was at that time zoned R–1, Residential District where health care institu-

tions were permitted by special exception. The Home was to be developed in four stages with space for 160 residents housed in five wings plus a large administrative building housing activity rooms, dining and kitchen facilities. In 1995, the Home completed construction of the main wing with residents' quarters for 17 persons and started receiving residents in October of that year.

In 1996, the Home Board of Directors (Directors) using space in the common facility area, opened a restaurant to the public in June, 1996. Directors reasoned that the restaurant would provide training for the residents and provide income to operate the facility. In July, 1996, the Township Zoning Enforcement Officer issued Home an enforcement notice stating that it was operating a public restaurant without a permit. The property where the Home is situated was rezoned Open Space/Conservation District in 1991. Neither the former Residential District nor the Open Space District permits restaurants. After a hearing, the Board issued a decision (Decision 2) wherein it upheld the enforcement notice but determined that Home could operate a restaurant training facility as an accessory use of the approved health care facility, limited in size to 1 seat per facility resident.[1] Home did not appeal.

Rather, Home filed an application for a variance to permit operation of a restaurant for 352 people. The Home also sought to use other portions of the Home, including the east dining room for special events and parties. The Board granted the variance for the 352 seat restaurant but denied the request to expand the operation for special events. (Decision 3.) The Board concluded that the restaurant serves as a training facility for the residents and as a source of income.[2] Also, $2 million was spent on the building and it

---

[1]. In Decision 2, the Board found that when the restaurant was first opened, 9,000 meals were served a week. Presently, 5,000 to 6,000 people are served per week. (Decision 2, p. 3, F.F. No. 131.)

[2]. The records comprising Decision 1 and Decision 2 were made part of the record for Decision 3. (Decision 3, F.F. No.5.)

would be an enormous hardship to shut down the restaurant and the building could not be easily used for anything else. On appeal, the trial court affirmed.

■ Our review where, as here, the trial court did not take additional evidence, is limited to determining whether the Board abused its discretion or committed an error of law. *McLaughlin v. Centre County Housing Authority*, 151 Pa.Cmwlth. 292, 616 A.2d 1073 (1992).

■ Generally, the Board may grant a variance where the property owners show that: (1) an unnecessary hardship will result if the variance is denied, due to the unique physical circumstances or conditions peculiar to the property; (2) because of the physical conditions, the property cannot be developed in conformity with the zoning ordinance and therefore a variance is necessary to enable reasonable use of the property; (3) the unnecessary hardship was not created by the applicant; (4) that the variance will not be detrimental to the public welfare and (5) the variance sought will represent the minimum variance that will afford relief. *Ruddy v. Lower Southampton Township Zoning Hearing Board*, 669 A.2d 1051 (Pa. Cmwlth.1995), *petition for allowance of appeal denied*, 546 Pa. 651, 683 A.2d 887 (1996). In order to establish that unnecessary hardship exists, the applicant must prove that either (1) the physical characteristics of the property are such that it could not be used in any case for any use permitted in the zoning district or that it could only be used for a permitted purpose at prohibitive expense; or (2) the characteristics of the property are such that the lot has either no value or only distress value for any purpose permitted by the zoning ordinance. *Laurento v. Zoning Hearing Board of West Chester*, 162 Pa. Cmwlth. 226, 638 A.2d 437 (1994).

The first issue this court will address is whether the Home met its burden of proving an unnecessary hardship and if so, whether the unnecessary hardship was created by the Home.

■ In its application for the variance, the Home stated that it "recognize[s] and assume[s] the responsibility for the hardship." The president of the Directors, LeRoy Hoover, testified that if the building had not been built then there would be no need for a variance. Here, we agree with Hohl that the Home created its own hardship by constructing the restaurant in the absence of a zoning ordinance which permitted it and in the absence of having obtained permission from the Township. In its original zoning application of 1989, wherein it sought to construct the Home, the Home failed to state that it wished to install a public restaurant. However, it was found in Decision 2, that Mr. Hoover intended to open a restaurant, before he submitted the application and that a blueprint created in 1988, which was not presented to the Board, depicted the restaurant area. (Decision 2, F.F. No. 117 and 118, and p. 47.) "Of course any difficulty which the landowners now face, in connection with bringing the situation into compliance with the law, is clearly a self-inflicted one, and therefore does not constitute a hardship warranting a variance." *Appeal of Rizzone*, 88 Pa.Cmwlth. 502, 490 A.2d 26, 29 (1985). Thus, it matters not that it will require substantial sums to convert the commercial kitchen and dining area into a permitted use. "When a landowner has submitted an incomplete application or has proceeded contrary to the application, the ultimate necessity of complying with the law cannot provide a basis for a variance." *Id.*

■■ The Board in Decision 3, agreed that the hardship was in one respect self-inflicted as Mr. Hoover could have been more forthcoming in 1989, at the time he applied for construction of the Home, regarding the future plans of the property. However, the Board concluded that it was not only more economical to keep the restaurant but also that it would be unfair and shortsighted to punish the residents of

the Home based on the fact that Mr. Hoover could have handled the situation differently. (Decision 3 at 6.) We are cognizant of the fact that the residents of the Home will be affected by the closing of the restaurant. Nonetheless, the personal needs of persons using the property cannot support the grant of a variance. *Kline Zoning Case,* 395 Pa. 122, 148 A.2d 915 (1959). In that case the homeowner requested a variance to add an enclosed porch for his son. Our Supreme Court ·in concluding that the board erred in granting the variance, stated that the hardship must arise from the property itself and that "the applicant's physical condition is not the hardship forming the basis for a variance." *Id.* 395 at 124, 148 A.2d at 915. We also note that of all the work performed in the restaurant only 10% to 11% of it is performed by residents of the Home. (Decision No. 2, F.F. No. 35, F.F. No. 75) Additionally, where only economic detriment or personal hardship results from application of the ordinance, a variance is not available. *Heisterkamp v. City of Lancaster Zoning Hearing Board of the City of Lancaster,* 34 Pa.Cmwlth. 539, 383 A.2d 1311 (1978). Also, there was no evidence that the Home would close if the restaurant were closed.[3] Moreover, the result of Decision 2, which was not appealed, permits Home to continue operating a restaurant, albeit on a reduced scale, as a training center.

■ Hohl also argues and we agree that there was no evidence presented showing that the property cannot be used as zoned. The Home was required to prove that no other legal uses existed for the restaurant, yet the Board found that "No testimony was presented concerning any alternative use for the restaurant portion of the facili-

ty, [and] the Board cannot think of any." We agree with Hohl that it is not the Board's duty to "think" of other uses for the property, rather the party seeking the variance, the Home, has the burden of establishing that the property cannot be used in accordance with the terms of the zoning ordinance. *Ruddy.* The Home failed to prove that no other legal uses existed. Here the property is and can be used as a residential care facility. The Home claimed, without producing any evidence, that discontinuance of the restaurant would render the building unprofitable. However, this claim will not support a variance. *Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Cmwlth. 251, 310 A.2d 444 (1971), (holding that the fact that it will not.be financially feasible to continue use of property as a restaurant and motel is not determinative of whether to grant variance to change use of property.)[4]

Accordingly, as the Home failed to meet its burden of proving entitlement to a variance, the order of the trial court is reversed.

### *O R D E R*

NOW, July 30, 1999, the order of the Court of Common Pleas of Lancaster County, entered August 11, 1998, at No. CI–98–00554, is reversed.

---

**3.** For the last six months of 1996, the restaurant had an operating loss of $74,000.00. (R.R. at 97.)

**4.** Hohl also argues that the Supervisors' notice of intervention should be stricken because the Supervisors took the position before the Board that the variance should not be granted, thus they waived any right to argue in support of granting the variance. The only

case relied on by Hohl, in support of its argument is *Leoni v. Whitpain Township,* 709 A.2d 999 (Pa.Cmwlth.1998), *petition for allowance of appeal denied,* —— Pa. ——, 732 A.2d 1211 (1998), which is distinguishable. *Leoni* addressed the standing of a neighbor to appeal the grant of a variance where the neighbor was not a party before the zoning hearing board.