616 A.2d 1073

**Romona McLAUGHLIN, Appellant,**

v.

**CENTRE COUNTY HOUSING AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 27, 1992.

Carl J. Mollica, for appellant.

Michael E. Koll, for appellee.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Romona McLaughlin (Claimant) appeals from an order of the Court of Common Pleas of Centre County (trial court) dismissing her appeal from the Centre County Housing Authority's (Housing Authority) decision to terminate Claimant's housing subsidy under Section 8 of the United States Housing Act of 1937, *as amended*, 42 U.S.C. § 1437f[1]. We affirm.

The facts of the case as found by the trial court are as follows. Claimant received a rental subsidy from the Housing Authority. Concurrently, Claimant received assistance from both the Centre County Board of Assistance, in the form of cash, and Huntingdon County, in the form of welfare benefits; neither of these forms of assistance were reported by Claimant to the Housing Authority. Additionally, while receiving the rental subsidy from the Housing Authority, Claimant relocated outside Centre County several times but did return to the housing unit.

When the Housing Authority became aware of the additional forms of assistance and intermittent relocation, Claimant

1. Regulations concerning Section 8 are found in Title 24 of the Code of Federal Regulations.

was informed that her rental subsidy would be terminated. Claimant requested and received a hearing, after which she was notified that her rental subsidy was terminated. The trial court affirmed this decision.

■ The issues raised on appeal are: 1) whether the trial court's hearing was a de novo hearing pursuant to Section 754(a)[2]; and 2) whether the trial court erred in affirming the Housing Authority's decision to terminate the rental subsidy.[3]

In examining the first issue it must be noted that there is no transcript of testimony given at the Housing Authority hearing. In such an event the trial court's actions are governed by 2 Pa.C.S. § 754(a) which states:

> (a) **Incomplete Record.**—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

Claimant argues that the trial court did not conduct a de novo hearing and, therefore, the case should be remanded for a de novo hearing. We do not agree.

■ A de novo review entails, as the term suggests, full consideration of the case another time. *Civitello v. Commonwealth Department of Transportation, Bureau of Traffic Safety,* 11 Pa.Commonwealth Ct. 551, 315 A.2d 666 (1974). If the trial court is conducting a de novo hearing the court must act as a nisi prius court, weighing the evidence and making its own findings of fact and conclusions of law. *Board of Pensions and Retirement of The City of Philadelphia v. Einhorn,* 65 Pa.Commonwealth Ct. 144, 442 A.2d 21 (1982).

2. Local Agency Law, 2 Pa.C.S. § 754(a).

3. Our scope of review is limited to determining whether appellant's constitutional rights have been violated and whether the lower court manifestly abused its discretion or committed an error of law. *Tieger v. Philadelphia Fair Housing Commission,* 90 Pa.Commonwealth Ct. 470, 496 A.2d 76 (1985).

■ At the hearing before the trial court both Claimant and the Housing Authority presented evidence. The Housing Authority witness testified concerning the requirements of Title 24. The witness' testimony outlined Claimant's responsibilities and grounds for termination of assistance.

Claimant testified that she failed to report receipt of the additional assistance to the Housing Authority. Claimant also admitted that she had knowledge of the reporting requirements.

The trial court concluded, based on the evidence presented, that Claimant violated the requirements of the Housing Authority and affirmed termination of rental subsidy. Moreover, the trial court noted in its opinion:

> Additional hearings are unnecessary as the Court received sufficient evidence on May 31, 1991, to conclude *de novo* that the Petitioner by her actions disqualified herself from further assistance from the Housing Authority by failing to report the receipt of additional assistance to the Housing Authority. *Board of Pensions and Retirement of The City of Philadelphia v. Einhorn,* 65 Pa.Commonwealth 144, 422 [442] A.2d 21 (1982).

Trial Court opinion at 3 (emphasis added).

Both parties were afforded an opportunity to present evidence, which the trial court considered, and therefore, we hold that the trial court heard the appeal de novo.

■ The second issue raised is whether the trial court erred in affirming the Housing Authority's decision to terminate Claimant's rental subsidy. The Housing Authority operates pursuant to Title 24 of the Code of Federal Regulations. Section 887.403 of Title 24 provides:

> (c) Termination of assistance.
>
> (1) The PHA may terminate housing assistance payments that are being made on behalf of a participant under a current housing voucher contract, if the participant: (i) has violated any family obligation under the housing voucher program as stated in 887.401; (ii) if the partici-

pant has committed any fraud in connection with any federal housing assistance program....

24 CFR § 887.403.

In addition, § 887.401 of Title 24 sets forth the "Family Obligations" as:

(a) The family must:

(1) Supply any certificates, release, information or documentation that the PHA or HUD determines to be necessary in the administration of the program ... and other information required for use by the PHA in any regularly scheduled re-examination or interim re-examination of family income in composition in accordance with HUD requirements ... (3) Notify the PHA before vacating a dwelling unit....

24 CFR § 887.401.

Section 887.401(a)(1) specifically directs the Claimant to provide the Housing Authority with all information the Housing Authority deems necessary. This includes all information dealing with Claimant's annual income. Section 813.106(a) of Title 24 defines annual income as "the anticipated total income from all sources received by the Family head and spouse...." Welfare assistance is specifically listed as sources of income to include when calculating the annual income. Section 813.-106(b)(6) of Title 24.

At the hearing before the trial court, Claimant freely admitted that she did not disclose the receipt of the welfare benefits or cash assistance at her yearly examination. Claimant testified that she failed to report to the Housing Authority that she received public welfare assistance from Centre County or welfare assistance from Huntingdon County while at the same time receiving rental subsidy from the Housing Authority[4]. Claimant also testified that she failed to inform the Housing Authority that she relocated[5]. Claimant testified she knew

---

**4.** Claimant offers no defense to this violation other than to espouse that she had no intention of defrauding the Housing Authority.

**5.** Claimant defended her relocations by explaining that she moved from the rental unit occasionally in order to avoid abuse at the hands of her husband.

she was required to provide the Housing Authority with this information and knowingly violated this requirement.

Claimant's failure to report the cash assistance and welfare benefits were in direct violation of 24 CFR § 887.401(a)(1). Further, by failing to notify the Housing Authority when Claimant moved out of the dwelling unit, she violated § 887.-401(a)(3).

The trial court did not err in terminating Claimant's rental subsidy, and accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, October 27, 1992, the order of the court of Common Pleas of Centre County in the above-captioned matter is affirmed.