**COMMONWEALTH of Pennsylvania**

v.

**Bart McCONLEY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 2000.

Decided June 9, 2000.

S. Michael Streib, Pittsburgh, for appellant.

Sally K. Kaye, Pittsburgh, for appellee.

Before McGINLEY, J., PELLEGRINI, J., and RODGERS, Senior Judge.

McGINLEY, Judge.

Bart McConley (McConley) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that found McConley guilty of violating Section 19(25) of the Board of Vehicles Act[1] (Act), 63 P.S. § 818.19(25) and fined him $200.00. We reverse.

McConley is a licensed automobile dealer and salesperson in Pennsylvania. On May 12, 1998, McConley was cited by Trooper James R. Salera of the Pennsylvania State Police with one violation of Section 3927 (theft by failure to make required disposition of funds received) of the Crimes Code, 18 Pa.C.S. § 3927, one violation of Section 4911 (tampering with public records or information) of the Crimes Code, 18 Pa.C.S. § 4911 and one violation of Section 19(25) (the failure to pay taxes or fees collected for the Commonwealth) of the Act, 63 P.S. § 818.19(25). At a hearing before a district justice, the criminal charges at Section 3927 and Section 4911 of the Crimes Code were dismissed and McConley pled guilty to violation of Section 19(25) of the Act and was fined $200.00.

McConley appealed. On September 28, 1998, at the scheduled *de novo* hearing before the trial court counsel for McConley appeared and attempted to challenge the subject matter jurisdiction of the district magistrate and the trial court and asserted that the General Assembly invested jurisdiction with the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board). The trial court refused to hear the jurisdictional argument, peremptorily found McConley guilty of violating Section 19(25) of the Act, and fined him $200.00.

1. Act of December 22, 1983, P.L. 306, *as* *amended.*

The trial court concluded that "[o]n the day and time appointed for trial and following due notification of that day and time Defendant [McConley] failed to present himself before this court and was without excuse in doing so." Opinion of the Trial Court, November 6, 1998, at 1.

On October 7, 1998, McConley petitioned for reconsideration and alleged:

2. The citation was filed by the Pennsylvania State Police in Magisterial District Court No. 05–2–46, not with the State Board of Vehicle Manufacturers, Dealers and Sales Persons, and that Court imposed upon Mr. McConley a fine of $200 pursuant to 63 P.S. § 818.28(c)....

3. The undersigned counsel advised the Pennsylvania State Police that he intended to appeal the fine and contest jurisdiction of the Magisterial District Court, as opposed to the State Board of Vehicle Manufacturers, Dealers, and Sales Persons to adjudicate Mr. McConley's disciplinary violations and to impose a fine, as the matter is a recurring problem....

4. As a courtesy to the Pennsylvania State Police, counsel for Mr. McConley stated that he would only raise the jurisdictional question, would agree to stipulate to the fact that sales tax was not remitted within the required 60–day period, would pay the fine if indeed the Court found that jurisdiction over these infractions was not vested in the State Board of Vehicle Manufacturers, Dealers and Sales Persons, and would waive the factual defenses arising out of the circumstances of the case....

5. An appeal was taken in the above-captioned number and term and the case was scheduled for trial de novo on September 28, 1998.

6. On the date and time of trial, Mr. McConley appeared through counsel to contest the jurisdiction of the court, neither the Commonwealth nor Mr. McConley produced any witnesses (including Mr. McConley) pursuant to the agreement that counsel for Mr. McConley had reached with the Pennsylvania State Police; and the Court dismissed Mr. McConley's appeal on the grounds that he did not personally appear....

7. The trial court erroneously dismissed the instant appeal on the grounds that there was "no appearance" by Mr. McConley, as a defendant has a clear and unequivocal right to appear through counsel and contest jurisdiction at any stage in the proceeding, and the issue of the jurisdiction of a criminal court is never waived, even upon a plea of guilty (citations omitted).

Motion for Reconsideration and/or for Judgment as a Matter of Law, October 7, 1998, Paragraphs 2–7 at 2–4; R.R. at 14a–16a. On October 14, 1998, the trial court denied the petition.

■ McConley contests the dismissal of his appeal.[2]

### Failure to Appear

■ Initially, we must determine whether the trial court erred when it dismissed McConley's appeal for his failure to personally appear.

Pa. R.Crim. P. No. 86 provides:

(A) When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken and by appearing in the court of common pleas for the trial *de novo*. The

---

**2.** This Court's review of a *de novo* hearing is limited to determining whether constitutional rights were violated or whether the trial court manifestly abused its discretion or committed

an error of law. *McLaughlin v. Centre County Housing Authority,* 151 Pa.Cmwlth. 292, 616 A.2d 1073, 1074 n. 3 (1992).

notice of appeal shall be filed with the clerk of courts.

Pa. R.Crim.P. No. 86(a) requires a) a timely appeal and b) that the appellant appear for the trial *de novo*. *See* Comment to Pa.R.Crim.P. No. 86(a). Pursuant to Pa.R.Crim.P. No. 86(a) McConley timely appealed his conviction and his attorney appeared for the trial *de novo* and informed the trial court that McConley's personal appearance was unnecessary because there was only the legal issue of jurisdiction, and if unsuccessful, there was no need to proceed to trial because McConley did not contest the operative facts.[3] We note that even if McConley appeared, his presence would have contributed nothing regarding the issue of subject matter jurisdiction. We also note that McConley was not subpoenaed, or under any compulsion to personally attend. Because McConley's counsel appeared, the trial court erred by foreclosing argument on jurisdiction. Furthermore, we find that the appearance by counsel satisfied the Rule.[4]

### Subject Matter Jurisdiction

■ McConley next contends that the Board has exclusive jurisdiction to conduct a disciplinary review of an alleged violation of the Act. McConley asserts that his judicially thwarted attempt to establish that the legislature vested jurisdiction with the Board, not the district justice, was in error. In the interest of judicial economy, we will review this issue and not remand.

Section 4 of the Act, 63 P.S. § 818.4 provides:

**3.** S. Michael Streib (Streib), McConley's attorney, to the trial court:
  Streib: We are here on a question of law, jurisdictional question under the statute. That is all there is.
  . . . .
  The Trial Court: What is the use in hearing the case? Nobody is here.
  Streib: Your Honor, the Trooper and I have agreed today to the operative facts. The matter is simply a question of law.

The board shall have the power and its duty shall be to:

  . . . .

  (4) *Administer and enforce this act and to impose appropriate administrative discipline upon licensees found to be in violation of this act.* (emphasis added).

Section 19 of the Act, 63 P.S. § 818.19 provides:

  *The board shall have the power to formally reprimand, suspend or revoke any license or refuse to issue or renew any license* of an applicant or licensee or a person required to be licensed under this act, if after due notice of and hearing, the person charged is found in violation of or fails to carry out the acts and procedures set forth in this act or is found guilty of committing or attempting to commit . . . any of the following acts:

  . . . .

  (25) *Failing to pay over taxes or fees collected for the Commonwealth at the time and in the manner required by law.* (emphasis added).

Finally, Section 28 of the Act, 63 P.S. § 818.28 provides:

  (c) **Additional remedy.-** In addition to any other civil remedy or criminal penalty provided for in this act, the board . . . may levy a civil penalty of up to $1,000 on any current licensee who violates any provision of this act or on any person who engages in an activity required to be licensed by this act. *The board shall levy this penalty only after affording the accused party the opportunity for a hearing as provided for in 2 Pa.C.S.*

N.T. at 1; R.R. at 7a.

**4.** We note that Pa. R.Crim.P. No. 1117(c) relevantly provides that the trial judge may dismiss the appeal if the defendant fails to appear as required by the Rule 86. We find McConley, through his attorney, complied with Pa. R.Crim.P. No. 86 and therefore, Pa. R.Crim.P. No. 1117(c) was inapplicable.

(relating to administrative law and procedure). (emphasis added).

Section 1903(a) of the Statutory Construction Act, 1 Pa.C.S. § 1903(a) provides that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." The Act unequivocally vests the Board, not the district justices, with the authority to conduct disciplinary proceedings arising out of an alleged violation of Section 19 of the Act and to impose a penalty or fine under Section 28(c) of the Act, 63 P.S. § 818.28(c).

■ However, it is the position of the Commonwealth that one who violates the "provisions" of the Act is "guilty of a summary offense" under Section 28(a) of the Act, 63 P.S. § 818.28(a), and is subject to the jurisdiction of a district justice.[5]

Section 28(a) of the Act (Penalties) provides:

**Unlicensed salespersons and brokers.-** Whoever engages in the occupation of vehicle salesperson in connection with the sale of a vehicle or of a manufactured house or mobile home in a mobile home park, without being licensed and registered as required by this act or exempted from licensure or sells or acts as a broker without a license or shall present or attempt to use as his own the license of another or shall give any false or forged evidence of any kind to the board or to any member in order to obtain a license, or shall refuse upon request to furnish business records, documents and files relating to practice under this act, *or shall violate the provisions of this act shall be guilty of a summary offense* and, upon conviction, shall be ordered to pay a fine of $1,000.... For the purpose of this act the sale of each vehicle in violation of this act constitutes a separate offense. (emphasis added).

We reject the Commonwealth's interpretation. The heading[6] of Section 28(a) of the Act unequivocally identifies that unlicensed salespersons and brokers are subject to the summary offense penalty. Here, McConley was licensed[7] under the

---

5. Section 1515 of the Judicial Code, 42 Pa. C.S. § 1515 provides:

(a) **Jurisdiction.**-Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment matters), district justices shall, under procedures prescribed by general rule, have jurisdiction of all the following matters:
(1) *Summary offenses* ....
(2) Matters arising under ... The Landlord and Tenant Act of 1951 ...
(3) Civil claims, except claims against a Commonwealth party as defined by section 8501 (relating to definitions), wherein the sum demanded does not exceed $8,000, exclusive of interest and costs in the following actions....
(4) As commissioners to preside at arraignments, fix and accept bail, except for offenses under 18 Pa.C.S. §§ 2502 (relating to murder) and 2503 (relating to voluntary manslaughter)....
(5) Offenses under 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance), if the following criteria are met....
(6) (i) Offenses under Title 18 (crimes and offenses) ... if the following criteria are met....

(7) Matters jurisdiction of which is vested in district justice by any statute. (emphasis added).

In the present controversy, it is not disputed that the violations under the Crimes Code were properly brought before the district justice. However, the alleged violations of the Crimes Code were dismissed and McConley was convicted of failure to pay taxes collected a violation under the Act.

6. Section 1924 of the Statutory Construction Act, 1 Pa.C.S. § 1924 provides that "[t]he headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute ... may be used to aid in the construction thereof."

7. Section 5 of the Act, 63 P.S. § 818.5 provides:

(a) **License required.**-
(1) To promote the public safety and welfare, it shall be unlawful for any person to engage in the business as a salesperson, dealer ... within this Commonwealth unless the person has secured a license as required under this act.
(2) A person, including, but not limited to, salespersons, shall not engage in the

Act and charged with a violation of Section 19(25) of the Act. Section 19(25) of the Act specifically directs that a violation of this section is "grounds for a disciplinary proceeding" before the Board with a right to appeal to this Court upon a finding of guilt. The General Assembly chose not to identify the grounds for disciplining licensees listed in Section 19 as summary offenses. Nor is there any reference to district justices, all authority is deposited with the Board regarding a Section 19 violation. To hold that Section 28(a) of the Act invested the district justices with jurisdiction over the listed grounds for discipline at Section 19 of the Act would contravene the intent of our General Assembly.

Accordingly, we reverse the trial court for dismissing the appeal based upon McConley's failure to appear and sustain McConley's jurisdictional challenge.

## *O R D E R*

AND NOW, this 9th day of June, 2000, the order of the Court of Common Pleas in the above-captioned case is reversed.

business for his own benefit or profit un-          less he is licensed with this act.