# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

April A. Goode, : 
                   Appellant : 
                              : 
           v. :   No. 1623 C.D. 2016
                              :   Submitted: March 10, 2017
Housing Authority of The : 
City of Shamokin : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE SIMPSON               FILED: June 13, 2017

       In this appeal, April A. Goode (Goode) asks whether the Court of Common Pleas of Northumberland County (trial court) erred in affirming a decision of the Housing Authority of the City of Shamokin (Authority) that terminated Goode's assistance under the Section 8 Housing Choice Voucher Program, commonly known as the Housing and Urban Development (HUD) Section 8 program (Program).[1] Primarily, Goode argues the Authority did not afford her adequate notice of the hearing regarding termination of her assistance. She also asserts the trial court abused its discretion by denying her request for a *de novo* hearing. Upon review, we vacate and remand.

---

[1] The Program provides housing at reduced costs to low-income families. <u>See</u> Section 8(a) of the Housing and Community Development Act of 1974 (Act), 42 U.S.C. §1437f(a). The Program is funded by the federal government, but it is administered by local public housing authorities. 42 U.S.C. §1437f(o).

# I. Background

Relevant here, in January 2016, the Authority sent Goode a letter in which it notified her that it was terminating her assistance under the Program because Goode did not provide certain documents to the Authority, as required after a prior informal hearing in November 2015. The Authority's letter indicated Goode's failure to produce the requested documents rendered her non-compliant with the Authority's administrative plan for the Program. The letter stated Goode had a right to appeal the termination of her assistance and obtain a hearing. Goode filed an appeal and requested a hearing.

By letter dated January 13, 2016, the Authority notified Goode that it scheduled a hearing for 9:00 a.m. on January 20, 2016 with the Authority's Executive Director. The letter informed Goode that if she were unable to attend the hearing, she was required to contact the Authority 24 hours prior to the hearing. The letter further stated that if Goode did not contact the Authority or appear at the hearing, she would not be permitted to reschedule and the decision terminating her Program assistance would stand.

Goode did not appear at the scheduled hearing. Additionally, she did not timely request a continuance of the hearing. As a result, the Authority upheld the determination set forth in its January 6, 2016 letter.

The Authority's final determination, set forth in a letter dated January 22, 2016, explained that the reason for Goode's termination of assistance under the Program was that the Authority upheld its findings set forth in its earlier

termination notice based on Goode's failure to appear at the hearing and her failure to timely request a continuance of that hearing. Goode appealed to the trial court.

The trial court held a hearing at which Goode, the Authority's executive director, Ronald Miller, and the Authority's rental manager for the Program, Kathleen Shevitski, testified. Shortly thereafter, the trial court issued an order denying Goode's appeal.

The trial court subsequently issued an opinion in which it determined that, because a complete record was made before the Authority, it was not required to conduct a *de novo* hearing. The trial court explained that the certified record revealed the Authority's actions were fully compliant with its administrative plan developed pursuant to HUD guidelines.

In addition, the trial court stated, the form, notice and hearing requirements were all set forth in the Authority's administrative plan. The trial court explained Goode did not challenge the requirements or the legality of the Authority's administrative plan. The Authority's final determination indicated that the reason for Goode's termination of assistance was that the Authority upheld the findings in its prior termination notice based on Goode's failure to appear at the January 20 hearing she requested as well as her failure to timely request a continuance. This matter is now before us for disposition.[2]

---

[2] After Goode filed her appeal to this Court, she filed an application seeking a stay pending the appeal. A single judge of this Court denied Goode's application.

## II. Issues

On appeal, Goode argues the Authority did not afford her adequate notice of the hearing regarding termination of her assistance. She also asserts the trial court abused its discretion by denying her request for a *de novo* hearing. Additionally, Goode contends the trial court abused its discretion when it granted, *ex parte*, the Authority's motion to lift a previously granted stay that required the Authority to provide Goode with assistance under the Program pending her appeal of the Authority's decision.

## III. Discussion

Goode first asserts the trial court erred by failing to find the Authority abused its discretion, under these circumstances, in refusing to schedule a due process hearing for Goode in response to her in-person request for same on the afternoon of January 20, 2016. In the absence of a due process hearing, Goode contends, the Authority took action that divested Goode of her right to ongoing participation in the Program. Goode maintains she did not fail to perform her participant obligations such as paying rent and utilities; she believes she did meet all substantive production requirements placed on her by the Authority by January 12, 2016. To the extent there is any record for review, Goode argues, that record does not reflect otherwise.

Goode further asserts the Authority never found she violated any substantive obligation; the Authority never articulated what was lacking in the production made by Goode on January 12, 2016. Also, the Authority did not ensure Goode actually received notice in advance of the scheduled hearing. Goode contends the Authority's action is based entirely on: (1) Goode's failure to meet

4

the Authority's unauthorized demands for production within its arbitrary production deadlines; and, (2) Goode's failure to request, prior to January 20, 2016, a rescheduling of the hearing listed for 9:00 a.m. that day, even though no facts exist to dispute Goode's claim that she did not actually receive and have the benefit of that notice until after the scheduled hearing time.

Regardless of the Authority's failure to provide Goode timely notice, which the Authority was promptly made aware of on the day of the scheduled hearing, Goode maintains the Authority abused its discretion by failing to articulate in its notice of January 13, after Goode's production of documents on January 12, what more, if anything, was required of Goode to preserve participation. Goode contends that, in light of the Authority's failure to reschedule the hearing with clear notice to her of a proper basis for its proposed termination, the trial court erred in dismissing her appeal.

Goode further argues the trial court erred and abused its discretion by proceeding on an incomplete record and refusing to permit the development of a complete record, concluding that, under the circumstances, the only operative fact it needed to consider was Goode's failure on January 20, 2016 to appear at 9:00 a.m. on that date. Goode asserts the trial court arrived at this conclusion even though the notice the Authority provided to Goode lacked sufficient detail regarding whether and if so, how, Goode's submission of documents was inadequate, and despite the fact that there was no refutation of facts alleged by Goode that she did not have actual notice of the hearing until well after its scheduled start time.

5

At the outset, we note,

> In an administrative proceeding, the essential elements of due process are notice and an opportunity to be heard. Notice, the most basic requirement of due process, must be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections ….

> Due process of law requires notice to be given to the respondent so that she may adequately prepare her defense in such cases.

J.P. v. Dep't of Human Servs., 150 A.3d 173, 176 (Pa. Cmwlth. 2016) (citations and quotations omitted).

Here, by letter dated January 6, 2016, the Authority informed Goode that she failed to submit previously requested documents to the Authority and, as a result, she was in violation of the Authority's administrative plan for the Program. Certified Record (C.R.), Item #1, Ex. E. The letter informed Goode that the Authority would terminate her from the Program effective January 31, 2016. Id. The letter further stated that Goode could appeal the decision by requesting an informal hearing. Id. In response, Goode submitted a letter to the Authority, and she attached what she believed were the documents the Authority previously requested. C.R., Item #1, Ex. F. Goode further indicated that if the documents were not sufficient to meet the Authority's request, she wished to have a hearing. Id.

In response, by letter dated January 13, 2016, the Authority informed Goode that it would hold a hearing on its decision to terminate her assistance under

6

the Program at 9:00 a.m. on January 20, 2016. C.R., Item #1, Ex. G. Because Goode did not appear at the scheduled hearing, the Authority terminated her assistance under the Program. C.R., Item #1, Ex. J.

Goode appealed to the trial court, asserting, among other things, she did not receive the Authority's notice dated January 13 scheduling the hearing for 9:00 a.m. on January 20 until the afternoon of January 20. C.R., Item #1 at 4. Further, at a hearing before the trial court, Goode offered testimony to corroborate this averment. C.R., Item #34, Tr. Ct. Hr'g, Notes of Testimony, 8/29/16, at 35.

Nevertheless, the trial court made no finding as to whether Goode received notice of the January 20, 2016 hearing prior to that date so as to allow her to attend the hearing or seek a continuance at least 24 hours prior to it as explained in the January 13 hearing notice. C.R., Item #1, Ex. G. Under these circumstances, a remand is necessary for the trial court to make such a finding. See, e.g., Miller v. Unemployment Comp. Bd. of Review, 131 A.3d 110 (Pa. Cmwlth. 2015) (where tribunal fails to make necessary findings and credibility determinations, a remand is necessary).

If the trial court determines Goode did not receive notice of the January 20, 2016 hearing prior to that date so as to allow her to attend the hearing or seek a continuance at least 24 hours prior to the hearing, the trial court shall remand the matter to the Authority for a hearing regarding Goode's termination of assistance under the Program.

A different procedure would follow if the trial court determines Goode did, in fact, receive timely notice of the January 20, 2016 hearing. Because the trial court received additional evidence, it should issue a decision containing findings of fact and conclusions of law regarding whether the Authority properly terminated Goode's right to assistance under the Program. Bd. of Pensions & Ret. of City of Phila. v. Einhorn, 442 A.2d 21, 23 (Pa. Cmwlth. 1982) ("Where a hearing de novo has been granted … the court of common pleas must … [weigh] the evidence and mak[e] its own findings of fact and conclusions of law which we can then review."). We leave to the trial court's thoughtful discretion whether to proceed based on the existing record or to conduct an additional hearing given that the trial court placed some restrictions on the presentation of the evidence based on its erroneous belief that it was not conducting *de novo* review here.

To that end, the trial court here incorrectly indicated it did not conduct *de novo* review. A *de novo* review entails, as the term suggests, full consideration of the case another time. McLaughlin v. Centre Cnty. Hous. Auth., 616 A.2d 1073 (Pa. Cmwlth. 1992); see also E.N. v. M. School Dist., 928 A.2d 453, 462 (Pa. Cmwlth. 2007) (quoting BLACK'S LAW DICTIONARY 852 (8th ed. 2004)) (The term "de novo judicial review" means a "nondeferential review of administrative decision, usually through a review of the administrative record plus any additional evidence the parties present."). "If the trial court is conducting a de novo hearing the court must act as a nisi prius court, weighing the evidence and making its own findings of fact and conclusions of law." McLaughlin, 616 A.2d at 1074-75.

Here, the trial court issued an order precluding Goode from presenting testimony outside of the record presented by the Authority. C.R., Item #26. Nevertheless, the trial court subsequently held a hearing during which Goode and two Authority representatives testified, in addition to the record it received from the Authority (which did not hold a hearing based on Goode's failure to appear).[3] Thus, the trial court here conducted *de novo* review. McLaughlin (where both parties were afforded an opportunity to present evidence, which trial court considered, trial court heard appeal *de novo*).

As a final point, Goode argues that, after granting her request for a stay (or an injunction) requiring the Authority to make subsidy payments to her landlord on her behalf during the pendency of her appeal from the Authority's decision, the trial court erred in granting the Authority's motion to amend the order regarding the stay. More particularly, Goode contends the trial court granted the Authority's motion essentially lifting the stay (or dissolving the injunction) without issuing a rule to show cause or holding a hearing, and it did so on the same day the motion was filed.

Unfortunately, the trial court did not address this issue in its opinion or otherwise explain its decision granting the Authority's motion to lift the stay (or

---

[3] The fact that the trial court held a hearing at which three witnesses testified distinguishes this case from Kuziak v. Borough of Danville, 125 A.3d 470 (Pa. Cmwlth. 2015) and Piatek v. Pulaski Township, 828 A.2d 1164 (Pa. Cmwlth. 2003), referenced by the trial court. Neither the Kuziak nor Piatek decision indicates that the common pleas courts held evidentiary hearings following the appeals from the local agency decisions at issue in those cases.

9

dissolve the injunction).  Thus, on remand, the trial court shall explain its decision granting the Authority's motion to lift the stay (or dissolve the injunction).

Based on the foregoing, we vacate the trial court's order denying Goode's appeal, and we remand for proceedings consistent with the foregoing opinion.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

April A. Goode,           :
          Appellant     :
                    :
        v.              :    No. 1623 C.D. 2016
                    :
Housing Authority of The    :
City of Shamokin         :

## **O R D E R**

**AND NOW**, this 13th day of June, 2017, the order of the Court of Common Pleas of Northumberland County is **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge