J-S83009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES ANDREW COGLEY | : | |
| | : | |
| Appellant | : | No. 391 WDA 2018 |

Appeal from the Judgment of Sentence February 8, 2018
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-SA-0000119-2017
CP-10-SA-0000120-2017
CP-10-SA-0000121-2017
CP-10-SA-0000122-2017
CP-10-SA-0000153-2017
CP-10-SA-0000159-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JUNE 24, 2019**

James Andrew Cogley appeals[1] from the judgments of sentence entered

after a magisterial district judge convicted him of multiple instances of driving

without a license and other associated offenses. Cogley appealed these

_____

[1] We note that Cogley's notice of appeal lists six separate docket numbers.
*See* Notice of Appeal, 3/12/2018. In June of 2018, the Pennsylvania Supreme
Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), held that
"when a single order resolves issues arising on more than one lower court
docket, separate notices of appeal must be filed. The failure to do so will result
in quashal of the appeal." **Id.,** at 977 (footnote omitted). Nevertheless, the
**Walker** Court specifically announced its decision would be applied
prospectively only. **See id.** Therefore, because the notice of appeal in the
present case was filed before **Walker**, we need not quash this appeal.

convictions to the Court of Common Pleas of Butler County, which ultimately dismissed the appeal based on Cogley's failure to appear. Cogley challenges the trial court's denial of his motion to continue as well as the trial court's dismissal of his summary appeal. We affirm.

As this appeal concerns procedural matters, there is no need for an extensive factual history. Further, the procedural history is largely uncontested. The trial court summarized the relevant procedural history as follows:

> In these matters, defendant was sentenced to imprisonment in five summary cases by the issuing authorities. Defendant filed timely appeals. Those sentences were stayed pursuant to that rule by the issuing authorities and the cases were scheduled to be heard *de novo* by this Court pursuant to Pa.R.Crim.P. Rule 462(A). On November 15, 2017, defendant's counsel filed a motion to continue which was granted and the cases were scheduled for trials before this court on February 8, 2018.
>
> At the date and time scheduled for trials before this court, defendant's counsel appeared and requested additional continuances for the reason that defendant was unable to obtain transportation to the trials. Those continuances were denied. Pa.R.Crim.P. 462(D) provides that, "If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." This court dismissed the appeals and entered the judgments of the issuing authorities. This [c]ourt issued an order directing defendant to appear before this [c]ourt on May 8, 2018, to begin serving his sentence. On May 8, 2018, defendant failed to appear and bench warrants were issued for his arrest. On March 12, 2018, defendant filed appeals of these cases to the Superior Court.

Order of Court, 4/6/2018, at 1.

In his first claim on appeal, Cogley claims the trial court erred when it denied his motion for continuance. Our standard of review is well-established.

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record[.]

*Commonwealth v. Boxley*, 948 A.2d 742, 746 (Pa. 2008) (internal citations omitted). Further, "we will not reverse a denial of a motion for continuance in the absence of prejudice." *Commonwealth v Antidormi*, 84 A.3d 736, 745-746 (Pa. Super. 2014).

Cogley argues the court abused its discretion here because: 1) his license was allegedly suspended; (2) there is inadequate public transportation in Butler County; (3) all prior continuances were granted for the sake of judicial economy to address all of his convictions in one proceeding; (4) the Commonwealth made no showing that it would be prejudiced by the requested continuance; and (5) Cogley suffered significant prejudice in that he lost his right to contest the charges against him, resulting in an aggregate term of imprisonment of 270 days. *See* Appellant's Brief, at 16-17.

Instantly, Cogley, had knowledge of the time and place of his hearing since November of 2017. He therefore had a three-month period in which to secure transportation for the hearing, and still failed to appear. Further, he did not request the continuance until his case was called for trial *de novo* on

- 3 -

February 8, 2018. We thus conclude the trial court did not abuse its discretion in denying Cogley's request for a continuance, which was based upon nothing more than an alleged lack of transportation. Cogley's first claim fails.

Cogley next contends the trial court erred in dismissing his summary appeal and reinstating the sentence imposed by the Magisterial District Court.[2]

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." **Commonwealth v. Marizzaldi**, 814 A.2d 249, 251 (Pa. Super. 2002) (citation omitted). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." **Id**. (citation omitted). The same standard applies when the court dismisses the appeal due to the defendant's failure to appear. **See Commonwealth v. Akinsanmi**, 55 A.3d 539, 540 (Pa. Super. 2012).

---

[2] Cogley includes an undeveloped argument noting that counsel was present when the court called the case. **See** Appellant's Brief, at 21. He asserts, "it was [the Commonwealth's] burden to prove the elements of the offenses charged beyond a reasonable doubt." **Id**. A review of the transcript from February 8, 2018, reveals Cogley did not present this argument to the trial court. As a result, Cogley has waived this argument. **See** Pa.R.A.P. 302.

Pennsylvania Rule of Criminal Procedure 462[3] governs *de novo* trials following the appeal of a summary conviction. That rule states, in pertinent part:

> If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462(D).

> The Comment to Rule 462 explains that [p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.* Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. In the event that good cause is established, the defendant is entitled to a new summary trial.

*Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013) (citations omitted).

---

[3] Cogley cites exclusively to case law interpreting predecessor rules to Rule 462. *See Commonwealth v. Mesler*, 732 A.2d 21, 25 (Pa. Cmwlth. 1999) (finding invocation of former Pa.R.Crim.P. 1117(c) was inappropriate where Appellant's counsel indicated Appellant was expected to be present and was on his way); *See also Commonwealth v. McConley*, 754 A.2d 724, 727 (Pa. Cmwlth. 2000) (finding appearance by Appellant's counsel at *de novo* hearing satisfied the appearance requirement of former Pa.R.Crim.P. 86 since the only matter at issue was that of jurisdiction); *See also Commonwealth v. Kyle*, 453 A.2d 668, 669 (Pa. Super. 1982) (interpreting former Pa.R.Crim.P. 1117 to require the common pleas court to determine facts of a case *de novo*, with or without defendants' presence, and render a verdict of guilty or not guilty).

As Pa.R.Crim.P. 462 was adopted March 1, 2000, and effective April 1, 2001, its provisions supersede the case law cited by Cogley.

A new trial is required when: (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary. ***Dixon***, 66 A.3d at 797.

In the instant case, Cogley was well aware of the time, date, and location of his summary appeal hearing for three months. He seemingly ignored this information for those three months, claiming he was unable to secure transportation on the morning of the hearing. Counsel did not provide an excuse as to why he was unable to secure such transportation in the three months he had to plan for the summary appeal. And, unlike the appellant in ***Dixon***, Cogley did not include an affidavit with his brief to explain his absence.

Cogley has presented no evidence that the circumstances causing his absence were beyond his control. Appellant was aware of the time, date, and location of the hearing for three months and failed to contact anyone about his alleged inability to obtain transportation until the morning of the hearing. Therefore, Cogley has failed to set forth a *prima facie* case of involuntariness sufficient to warrant a new trial pursuant to ***Marizzaldi.***

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/24/2019</u>